COOMBS, *Curator*, v. COOMBS, *Executrix, Appellant.*

**The judgment of the circuit court,** reversing that of the probate court, for errors committed by the latter court in the admission of evidence, affirmed.

*Appeal from Greene Circuit Court.*—HON. J. C. CRA-VENS, Special Judge.

AFFIRMED.

*John O'Day* and *E. D. Kenna* for appellant.

*C. W. Thrasher* for respondent.

BLACK, J.—John Coombs, as curator of Leslie Coombs, filed his account in the Greene probate and common pleas court for allowance against the estate of William Coombs, who died in 1880. The account is for various items of money of the ward, advanced or loaned to William Coombs from January to June, 1879, amounting to some five hundred dollars or more. William Coombs had been appointed curator of this minor, but, failing to give bond, John Coombs was appointed curator for Leslie and Catharine Coombs.

Plaintiff's evidence showed that the items of money, with one or two exceptions, were paid to William by checks, signed by John as curator of Leslie. It also tended to show that William claimed the right to handle these funds; that he understood the money was from the ward's estate, and had agreed to give a note and security therefor, but failed so to do, before his death.

The defence was, that the money was paid to him, William, in discharge of debts due to him from John, for services rendered to the firm of H. O. Dow & Co., of which John was a member, and for other services.

Coombs v. Coombs.

The finding and judgment was for defendant. The circuit court heard the cause on errors alleged to have been made by the probate court, in the admission of evidence for the defendant.

1. Witnesses were permitted to testify as to the probable annual expense of William E. Coombs, in the support of himself and family. Defendant had shown that the salary of William, with H. O. Dow & Co., was from fifty dollars to sixty dollars per month. The evidence was probably offered to show, or as tending to show, an indebtedness to him on that account, but it was of no value for that purpose. An indebtedness cannot be established by such testimony. Besides, much of it was no more than the opinion of witnesses as to his probable expenses.

2. The inventory of the estate of William E. Coombs, and the settlement of John Coombs, as curator of Catharine Coombs, should have been excluded. They neither proved, nor tended to prove or disprove, any issue in the case. The executrix could not make evidence in that way, and the settlement had no relevancy whatever.

3. A paper purporting to be a statement of accounts from 1875 to 1877, between John and William, showing a balance of $595.80 due to William, under date of January 1, 1878, was also read in evidence. To overcome the case made by the plaintiff, it devolved upon the defendant to show: (1) That John Coombs was indebted to William. (2) That the moneys sued for were not received by William as the moneys of the ward's estate, but were paid and received in discharge of such individual indebtedness. The paper being in the hand-writing of John Coombs, it was admissible as against him, and tended to show an indebtedness to William at that date, and for that purpose it was competent and proper evidence.

4. The statements, found in what is called the "blank memorandum book," in the hand-writing of William E. Coombs, were no more than memorandums of three items of what had transpired in the probate court. If these three items had been allowed, one against the estate of David Coombs, one against each of the wards' estates, as they purport to have been, then the records were the best evidence. They were, at most, only private memorandums, not book accounts, and, therefore, inadmissible. 1 Greenleaf on Evidence, secs. 117, 118. The record shows that the paper known as "X," was excluded, and no more need be said of it. If there was a balance for board of the ward due to William, that, of course, should be allowed on plaintiff's theory of the case. Part of this evidence admitted, and which should have been excluded, was of little value, but as there was so much of it, and it would seem to have had some influence in the disposition of the case in the probate court, we think the circuit court did right in reversing the judgment.

The judgment of the circuit court is affirmed. All concur.